Mortimer J. Cantor, Respondent, v. Julia Cantor, Appellant.— This is an appeal by defendant from an order denying her motion to change the place of trial from Sullivan to Kings county, the latter being the place of residence of the parties. Defendant moved to transfer the trial to the proper county. The plaintiff made a cross-motion that the trial be held in Sullivan county for the convenience of witnesses. In this divorce case it appears that all of the material witnesses reside in Sullivan county. Order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

Mortimer J. Cantor, Respondent, v. Julia Cantor, Appellant.—Appeal from an order denying defendant's motion for alimony *pendente lite* in an action for divorce. Order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

The People of the State of New York, Respondent, v. Harry E. Bunting, Appellant.— Motion by the People to dismiss appeal of the defendant from an order of the County Court of Broome county dismissing the indictment against defendant for murder in the second degree. The indictment alleges that defendant killed his wife on September 20, 1934, by assaulting her with a knife. On November 30, 1934, this indictment was dismissed on motion of the district attorney for reasons specified in the memorandum filed with the court. This memorandum stated that the investigation of the district attorney convinced him that the defendant had murdered his wife while suffering from a major epileptic seizure which prevented him from understanding the nature and quality of his act. The defendant appealed from this order. The appeal by the defendant from such order is not within those authorized by statute. (Code Crim. Proc. § 517.) Motion to dismiss appeal granted. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

Joseph Harber, Respondent, v. Fides Realty Corporation, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of Simon C. Nielsen, Respondent, against Fireman's Fund Indemnity Company and Another, Appellants. State Industrial Board, Respondent.— Claimant, an investigator for an insurance company, was required to walk about in his work. A blister developed on his great toe, which blister burst, and from which an infection developed for which the award was made. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.

In the Matter of the Claim of Max Tischler, Respondent, v. General Baking Company and Another, Appellants. State Industrial Board, Respondent.— The claimant was a bread salesman for a bakery, and with the use of a truck delivered bread to grocery stores. On September 12, 1932, while lifting a heavy crate of bread into the upper compartment of the truck, he felt a sudden snap and pain in the lumbar region of his back, dropped the crate, and fell. He was induced by the employer to continue work for a number of days, and to " break in " another salesman, and then he became totally disabled. The primary injury was diagnosed as a strain and possible tearing of the ligaments of the lumbar vertebræ. On September 23, 1932, X-ray disclosed no bone pathology, but a